**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**JULY 1998 SESSION**



**FILED**

**August 20, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 01C01-9710-CR-00449 |
| Appellee, | ) |
| | ) Wilson County |
| V. | ) |
| | ) Honorable J. O. Bond, Judge |
| **LARRY WATKINS,** | ) |
| | ) (Sentencing) |
| Appellant. | ) |
| | ) |

FOR THE APPELLANT:

G. Wayne Davis
Attorney at Law
Suite 2121, Parkway Towers
Nashville, TN 37219

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Georgia Blythe Felner
Counsel for the State
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

Tom P. Thompson, Jr.
District Attorney General

David Earl Durham
Assistant District Attorney General
111 Cherry Street
Lebanon, TN 37087

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

On February 13, 1996, the appellant, Larry Watkins, was indicted for second degree murder and conspiracy to commit second degree murder. On April 4, 1997, he entered a best interest plea to criminal responsibility for facilitation of second degree murder, which is a Class B felony. Following a sentencing hearing on May 22, 1997, the trial court sentenced the appellant to twelve years in the Tennessee Department of Correction as a Range I, standard offender, although the appellant qualified for sentencing as a Range II, multiple offender.

The appellant's sole issue for our review is whether the trial court erred by ordering him to serve an excessive sentence. We affirm.

The appellant argues that the trial court erred by imposing an excessive sentence. He contends that the court erred in its characterization of his behavior and that the court should have applied certain mitigating factors. First, the appellant asserts that the following statement by the trial court was improper: "People have a right to live free of violence. People have this right to know a person should not be able to terrorize people, hurt people and get away with it." The appellant contends that there was no proof that he had terrorized anyone and that the court erred by relying on this characterization because it is not one of the statutory enhancement factors provided for in Tennessee Code Annotated § 40-35-114 (1997).

Second, the appellant argues that several mitigating factors, specifically 4, 6, 11, and 13, under Tennessee Code Annotated § 40-35-113 (1997) were applicable: (4) the appellant played a minor role in the commission of the offense; (6) the appellant, because of his age, lacked substantial judgment in committing the offense; (11) the appellant committed the offense under unusual

circumstances that it is unlikely that a sustained intent to violate the law motivated the appellant's conduct; and (13) the "catchall" provision which provides for any factor consistent with the purposes of this chapter. Therefore, based on these mitigating factors, the appellant argues that he should have received a sentence of eight years, not twelve.

The state contends that the trial court properly sentenced the appellant. It argues that the trial court determined that there were no mitigating factors and at least five enhancement factors. Regarding the trial court's statement about the appellant "terrorizing" people, the state maintains that the court was referring to probation, not enhancement factors, when it made the statement. Furthermore, the state submits that the appellant fails to cite any legal authority for his position on the mitigating factors, and therefore, this Court should consider the issue waived. The state also notes that the record reveals that none of the mitigating factors cited by the appellant would be applicable.

When an appellant challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). However, this presumption is conditioned on an affirmative indication in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The appellant bears the burden of showing that the sentence was improper. Id. In determining whether the appellant has met this burden, this Court must consider (a) the evidence adduced at trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing; (d) the arguments of counsel; (e) the nature and characteristics of the offense; and (f)

the appellant's potential or lack of potential for rehabilitation or treatment.  Tenn. Code Ann. §§ 40-35-103(5), -210(b) (1997).

The presentence report reveals that the appellant has a lengthy criminal record.  We also note that the appellant could have been sentenced as a multiple offender, but based upon an agreement with the state, he was sentenced as a standard offender. With regard to the trial court's characterization of the appellant's behavior, we agree with the state that the trial court was referring to probation and not to any enhancement of the appellant's sentence when it made the statement.  The trial court provided not only oral findings at the sentencing hearing, but also completed a sentencing form that indicates the court's findings.  From our review of the record, we conclude that the trial court followed the principles of sentencing in finding that at least five enhancement factors and no mitigating factors were applicable.

Therefore, finding no error mandating reversal, we affirm the judgment of the trial court.

_____
PAUL G. SUMMERS, Judge


CONCUR:                                    -5-




_____
DAVID G. HAYES, Judge




_____
JERRY L. SMITH, Judge